HEIRS OF MIGUEL ROSARIO ANDINO, ETC., Plaintiffs and Appellees, *v.* CONSTANCIA ROSARIO ANDINO, Defendant and Appellant.

No. 12176. Decided April 5, 1962.

---

[1] A similar provision appears in the Insurance Code in force, § 20.030, 26 L.P.R.A. § 2003 (1958 ed.).

*Benigno Dávila* for appellant. *Luis Miranda Correa* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The history of the title involved in this case is rather odd. By deed No. 31 of April 24, 1918, executed before Notary Enrique Rincón, Eladio Otero y Otero and his wife Cristina del Rosario sold to Miguel Rosario Andino, bachelor, a rural property of *14 cuerdas and 60 hundredths* segregated from a rural property of 15 cuerdas, without a house, situated in the ward of Algarrobo of Vega Baja, for $850, which property is bounded on the north by the Manatí-Vega Baja road and the remainder of the main property (two *cuadros* equivalent to 40 hundredths allegedly sold to Fidel Andino and Justo Otero), on the south and west by Francisco Jiménez Mena, and on the east by the Heirs of Venegas and the remainder of the main property (40 hundredths cuerda), to which we have referred above.

By deed No. 132 executed on August 27, 1925 before Notary Victoriano M. Fernández, Miguel Rosario, a bachelor, sold to Mercantil Sucesores de Sobrino a rural property *of*

*seven cuerdas* situated in the ward of Algarrobo of Vega Baja and a zinc-roofed frame house having a frontage of 20 feet and a depth of 18 feet, for $1,100, which is bounded on the north by the road, on the south and west by Francisco Jiménez, and on the east by Ramón Alonso. Notwithstanding the fact that the vendee took possession of the property, it is provided in the deed that the vendee offers to sell it back to the vendor on June 30, 1926, leasing the same in the meantime to the vendor for a monthly rent of $11, payable in past-due instalments at the domicile of the vendee-lessor (Tr. Ev. 149–52).

After redeeming the same from Mercantil Sucesores de Sobrino, by deed No. 211 of November 9, 1926 executed before Notary Victoriano M. Fernández, Miguel Rosario, a bachelor, sold to Manuel Lomba and his wife Dolores Forteza a rural property of *seven cuerdas* situated in the ward of Algarrobo of Vega Baja—without including any house in the sale—for $700, which property is bounded on the north by the road, on the south and west by Francisco Jiménez, and on the east by Ramón Alonso. Notwithstanding the fact that the vendee took possession, the deed provides for a lease in favor of the vendor for a period of one year, and a purchase option in favor of the vendor until October 9, 1927 for the price of $710 (Tr. Ev. 144–48).

By deed No. 8 of February 17, 1931, executed before Notary Victoriano M. Fernández, Miguel Rosario, a bachelor, in his own right and also as agent for Juan Torres, husband of Constancia Rosario, waives in favor of his father Isidoro Rosario his purchase option to acquire the property, and Manuel Lomba and his wife Dolores Forteza sell to Isidoro Rosario and his wife Sinforiana Andino a rural property of *seven cuerdas* situated in the ward of Algarrobo of Vega Baja—without including any house in the sale—for the sum of $610, which property is bounded on the north by the road, on the south and west by Francisco Jiménez Mena, and on

the east by Ramón Alonso. It is stated in the deed that the vendor spouses receive the price of $610 in postal money orders payable in the Vega Baja office amounting to $650, including the difference of $40 which Mr. Lomba returns to vendee Isidoro Rosario. It is also stated in the same deed that vendee Isidoro Rosario is in possession of the property, and vendees Isidoro Rosario and Sinforiana Andino further declare that they received, by way of a loan, from Juan Torres, married to Constancia Rosario, the sum of $650 in postal money orders issued in New York and payable in the post office of Vega Baja, which were the same which they endorsed at the time of the sale in favor of Manuel Lomba and his wife Dolores Forteza, and that they obtained the loan for a period of five years which would expire on January 31, 1936; and *in order to secure payment thereof they sell* to Juan Torres, married to Constancia Rosario, as stated above, *with right of redemption*, the property which they have just purchased for the price of $650, which is the mount of the postal money orders (Tr. Ev. 72–76).

This was the status of the title upon the death of the first owner, Miguel Rosario Andino, on January 14, 1949 (Tr. Ev. 49). As has been seen, the property which Miguel Rosario Andino acquired had an area of fourteen cuerdas, but in the rest of the operations described only seven cuerdas were sold with right of redemption or with option of purchase, which in legal substance constitute mere loan contracts for the amount of the price, according to § 1410 of the Civil Code of Puerto Rico (1930)—31 L.P.R.A. § 3915—since although in all of them it is stated that the vendee takes material possession of the property—first assumption—the payment of the monthly interest by way of rent—second assumption—is evident. Moreover, as respects the inadequate price —third assumption—only the first operation carried out by Miguel Rosario in favor of Mercantil Sucesores de Sobrino for $1,100, seems to involve the true value of the property,

since although it refers to an area of seven cuerdas, it includes a house in the value, which is not again the object of alienation. The other operations are for $700 and $650, which are less than the price paid by Miguel Rosario for the land—$850—and for the alienation of the lot and house in favor of Heirs of Sobrino—$1,100. This being so, it is not difficult to conclude that the assumption of the inadequate price is met for the purpose of considering all the operations as mere loans for the amount of the price.

The problem of the title thus considered, there is no question that upon the death of Miguel Rosario Andino the status of the title is as follows: Juan Torres and his wife Constancia Rosario Andino are owners of a title, share, numerical interest, or rights and actions for $650, which supposedly affects seven cuerdas in the event the personal loan becomes a real-mortgage lien by a subsequent declaration of ownership and registration in the Registry of Property, and Miguel Rosario Andino appears to be the owner of a title, share, numerical interest, or rights and actions which allegedly affects the seven cuerdas and sixty hundredths which is the remainder of the property of fourteen cuerdas and sixty hundredths originally acquired by him.

However, since the mother, Sinforiana Andino, died before Miguel Rosario Andino (Tr. Ev. 50), the latter, who died a bachelor, is succeeded, as to one half, by his father Isidoro Rosario, and as to the other half, by his acknowledged natural children María Teresa, Rosa María, Juana, Adrián, Carmelo, José Antonio, and Ramón Arturo Rosario Pantoja, and Rosa Lydia and Consuelo Rosario Paz (Tr. Ev. 51), who according to the declaration of July 20, 1949 of the former District Court of Bayamón are the heirs-plaintiffs, now appellees. Section 768 of the Civil Code of Puerto Rico (1930); 31 L.P.R.A. § 2432. In accordance with this new state of law, Isidoro Rosario inherits three cuerdas and eighty hun-

dredths and the natural children three cuerdas and eighty hundredths of the title, share, interest, rights, and actions belonging to Miguel Rosario Andino.

Attempt is made to alter this state of law by deed No. 90 of October 27, 1949, executed before Notary Benigno Dávila, in which there appear Isidoro Rosario and his children Juan, known as Juancho, Gonzalo, María, Juan, known as Juanito, Eloy, and Inés Rosario, as heirs of Sinforiana Andino, and his other daughter Constancia Rosario Andino, now widowed, who declared: 1. "That some time in the year nineteen hundred and thirty-one (1931) Isidoro Rosario, in the name and on behalf of his daughter Constancia Rosario, appearing party herein, acquired by purchase from the spouses Manuel Lomba and Dolores Forteza Roca, for the price of six hundred dollars ($600), the following property: rural, situated in the ward of Algarrobo of the Municipality of Vega Baja, having an area of *fifteen cuerdas and one thousand eight hundred thirty-six ten thousandths* ... bounded on the north by the former insular road number two on the Vega Baja-Manatí section; on the south and west by the Heirs of Francisco Jiménez; and on the east by Ramón Alonso." (It will be recalled that the property which Manuel Lomba sold to Isidoro Rosario had an area of *seven cuerdas*, although within the same boundaries.) 2. "That the price which Isidoro Rosario paid was sent to him by Constancia Rosario from the United States long before the year 1928, while she was single, for the purchase of the property in question, which Isidoro Rosario did." (It will be recalled that the property was sold in 1931 to Juan Torres, the husband of Constancia Rosario, with right of redemption.) 3. "That Isidoro Rosario has held the possession of the property in the absence of his daughter Constancia Rosario, in her name, from the date of purchase until the present time... that her aforesaid father Isidoro Rosario not only appears at Constancia's request, but

also at the request of the other executing parties who appear as heirs of his deceased wife Sinforiana Andino, in order to set forth in a public and authentic instrument, and for such purposes as may be pertinent, that the described property is the exclusive and private property in fee simple of the appearing party Constancia Rosario, and to that end they acknowledge and ratify that the purchase of the said property by Isidoro Rosario was made in the name and on behalf of his daughter Constancia Rosario with money from the private peculium which the said Constancia Rosario had sent to him for the purchase of the said property, wherefore all the executing parties, in the capacity which they appear, make the proper recognition in question in favor of the said purchaser, Constancia Rosario, waiving every right, title, or interest which they may have in the property described in order that it may be publicly known for such purposes as may be proper."

The two deeds having a greater bearing on the solution of this matter are the deed whereby Miguel Rosario cedes to his father Isidoro Rosario the option to purchase the seven cuerdas agreed upon with Manuel Lomba and his wife, and the deed whereby Isidoro Rosario recognizes that the money used to purchase from Manuel Lomba belonged to his daughter Constancia, and that the latter's brothers assign their presumptive hereditary rights to their portion of their mother Sinforiana Andino. As respects the former deed, it may be concluded that Miguel Rosario ceded to his father the right to purchase the seven cuerdas sold to Manuel Lomba. As respects the latter, it is clear that Miguel Rosario did not intervene nor in any manner sanctioned the declaration of rights made by his father and his brothers in favor of Constancia Rosario in the remainder of the fourteen cuerdas and sixty hundredths originally purchased by Miguel Rosario.

The only thing which could have satisfactorily explained that the operation between Manuel Lomba and Isidoro Rosario and between the latter and Juan Torres com-

prised the entire property of fourteen cuerdas and sixty hundredths and not a portion of seven cuerdas, would have been the possession of the entire property by Isidoro Rosario, completely divorced from the joint ownership of the father and the son. However, what the evidence for the defendant-appellant proves is that both Isidoro Rosario and his son Miguel Rosario lived together in the only house standing on the property until the death of Miguel Rosario (Tr. Ev. 37), and that Miguel Rosario also worked on the farm when he returned from work (Tr. Ev. 45). These assertions of the most disinterested witnesses, coupled with the averments in the deeds, in successive operations, are sufficient to uphold the trial judge's conclusion that only seven cuerdas of the property belong to Constancia Rosario and that the remainder belongs to the Heirs of Miguel Rosario.

The error committed by the trial court consisted in believing that the acknowledged natural children of Miguel Rosario inherited the entire remainder of seven cuerdas and sixty hundredths, when in reality of law they only inherited one half of such remainder because they concurred with a legitimate ascendant of their predecessor, pursuant to the law existing at the death of the said Miguel Rosario. It is clear that since the legitimate ascendant Isidoro Rosario ceded, jointly with his other children, their rights in the said property to appellant Constancia Rosario, the latter is entitled to one half of the portion corresponding to Miguel Rosario in addition to the seven cuerdas acquired from Manuel Lomba.

The judgment rendered will be modified in this sense.